**In re Dewey P. KELLEY, Bankrupt.**

**No. B 74–1201 A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 7, 1975.

---

John M. McCarter, Johnson & McCarter, Hapeville, Ga., for bankrupt-appellant.

John E. Tomlinson, Decatur, Ga., for appellees.

## ORDER

JAMES C. HILL, District Judge.

Appellant, Dewey P. Kelley, takes this appeal from the order of Bankruptcy Judge W. Homer Drake entered on October 29, 1974, adjudicating appellant to be a bankrupt. Appellant asserts that the Bankruptcy Judge erroneously ordered appellant to file a bond and then adjudicated him bankrupt for failure to file the bond.

Appellant first contends that there is no provision in the Bankruptcy Act that authorizes the Bankruptcy Judge to require a bond where a Chapter XI proceeding is filed under section 321 of the Act. (11 U.S.C. § 721). The Court does not feel it necessary to decide whether appellant's Chapter XI petition was authorized under section 321 or section 322. (11 U.S.C. § 722). Bankruptcy Rule 11–20(d) authorizes the Bankruptcy Court, at its discretion, to order the giving of a bond by a debtor. This Rule reads:

> The court may, after hearing on notice to the debtor and such other persons as the court may direct, order the debtor to indemnify or otherwise protect the estate against subsequent loss thereto or dimunition thereof until the entry, if any, of an order of adjudication.

The Advisory Committee's Note on this section states in part:

> Subdivision (d) is derived from § 326 of the Act . . . . ⁎ ⁎ ⁎ This subdivision is broader in scope than § 326 in that indemnification can be required in all cases. Under § 326,

indemnification is limited to cases commenced by the filing of an original petition pursuant to § 322. *See also* 8 Collier on Bankruptcy ¶ 4.2[2] at 454.

Even though the Bankruptcy Judge indicated that he was requiring the posting of a bond under the provisions of § 326, it is apparent that this action was authorized under Rule 11–20(d).

This rule requires that before a debtor can be directed to post a bond, he be given a hearing and notice of that hearing. Appellant contends that no such notice of hearing was given. The record clearly refutes this position. The order setting up the First Meeting of Creditors states in part:

IT IS ORDERED, AND NOTICE IS HEREBY GIVEN, THAT:

6. At such meeting, a hearing will be held for the purpose of determining whether or not the debtor shall be ordered to file an indemnity bond or undertaking pursuant to § 326 of the Act.

■ The Court cannot conceive of any clearer notice being given that the Bankruptcy Court would consider requiring the debtor to post a bond. It is completely irrelevant that neither appellant nor his primary counsel were at the First Meeting of Creditors. Appellant was represented by counsel at that meeting. He had notice that a hearing would be held on the subject of an indemnity bond, and the Bankruptcy Judge gave all present an opportunity to be heard on the subject. The Court, therefore, finds that adequate notice and hearing were given.

■ Appellant next contends that he was not given adequate notice and hearing on the adjudication of him as bankrupt. Failure to comply with an order under Rule 11–20(d) is sufficient grounds for adjudicating a person a bankrupt. Bankruptcy Rule 11–42(b) reads in part:

The court shall enter an order, after hearing on such notice as it may direct dismissing the case, or adjudicating the debtor a bankrupt if he has not been previously so adjudged, or directing that the bankruptcy case proceed, whichever may be in the best interest of the estate—

\* \* \* \* \* \*

(2) for failure to comply with an order made under Rule 11–20(d) for indemnification . . . .

Again, the only requirement put on the Bankruptcy Judge is that he give a hearing upon such notice as he may direct. The Court finds that there was adequate notice and hearing. The order setting the First Meeting of Creditors clearly states that the meeting would "transact such other business as may properly come before said meeting, including hearing and determining whether the debtor should be adjudged bankrupt and bankruptcy proceeded with . . . ." If appellant desired to contest an adjudication he could have done so at the First Meeting of Creditors. Appellant had the obligation to be at that meeting and be prepared to contend with all matters set out in the notice of the meeting.

■ Finally, appellant argues that the Bankruptcy Judge's order of October 16th, was unreasonable in requiring the furnishing of an indemnity bond yet forbidding the use of any assets of appellant's estate to pay for the premium on the bond. Appellant asserts that compliance with the order was, therefore, impossible.

It is clear that an order touching upon the furnishing of indemnity upon such a condition is valid. As stated in 8 Collier on Bankruptcy ¶ 4.20[8] at 447,

The assets of the estate, of course, cannot be offered as indemnity nor used in any way to pay the premium, if any, on the bond or undertaking, or to secure the sureties against loss, or otherwise to obtain the bond or under-

taking. *See also* 10 Collier on Bankrupcy, form 3514 at 1137.

While the above is dispositive of the issue, some further discussion may be indicated. Appellant's view of the situation appears, at first blush, to have merit. After all, if a bond is to be furnished, it must be obtained. It is no secret that premiums are charged for bonds. If appellant is prohibited from using the estate's funds to pay a premium, how can he furnish the bond?

However, the Court feels that his position springs from a misconception of the purpose and philosophy of the bankruptcy laws, in general, and Chapter XI, in particular.

To obtain the right point of view, we must back away from the immediate issue and trace the course of this, and other, Chapter XI proceedings. This case started by the filing of an involuntary petition alleging appellant to be a bankrupt and seeking adjudication of that status. At that point, it became the duty of the Bankruptcy Judge to act vis a vis the debtor's estate for the best interests of all concerned; the debtor, his creditors, and thus, the general welfare.

This does not, under our modern bankruptcy laws, require an immediate adjudication and liquidation. Under rehabilitative enactments, the debtor may be privileged to seek an arrangement protecting his business assets and extending his time for meeting his obligations while he continues his business looking towards the ultimate, though belated, discharge of all debts. This sort of rehabilitation is, where reasonably possible, desirable. But it is not available where it appears that the attempted rehabilitation will result in the further depletion of the estate's assets to the ultimate frustration of those creditors having lawful claim thereto.

■ Thus, if the debtor is to be privileged to avail himself of an arrangement under Chapter XI, the Bankruptcy Judge must determine that there is a reasonable likelihood of success. At least, he must not conclude that there is prospect of failure. When failure; that is, continued dissipation of assets; is in view, adjudication is necessary so that the assets, at the then current level, can be best used.

■ Nevertheless, when failure of a Chapter XI proceeding appears to the Court almost inevitable, the debtor may yet be privileged to continue an arrangement. If there be some solvent surety, with more faith in the rehabilitative efforts than the Court feels justified, willing to indemnify against further erosion of the estate's assets, then such indemnity can be furnished and the efforts continued. A debtor corporation may have solvent stockholders willing to furnish indemnity. Some solvent creditors may believe that the debtor can ultimately survive to pay them 100% of their claim rather than a distributive share and be thus willing to provide the bond. Anyone with an interest to be served by rehabilitation may be willing to guarantee the Court and creditors against further loss of assets. In such instances, the Bankruptcy Judge will have discharged his duty to preserve the estate and his duty to encourage rehabilitation by accepting the bond, preserving the estate, and withholding adjudication.

Clearly, however, when the point is reached at which the Bankruptcy Judge is not encouraged that success may be expected from an arrangement, he cannot allow the estate, itself, to furnish indemnity. The assets of the estate are available to the Court and the creditors, already. Something new and additional must be furnished. That can only be indemnity at no cost to the assets of the estate.

The order was not the imposition of an impossible penalty. It was the extension of a privilege. In the absence of someone's availing himself or itself of the privilege of insuring the continuance of the arrangement by indemnifying, adjudication was in order.

Accordingly, the Court finds that the Bankruptcy Judge had the authority to

require appellant to post an indemnity bond to be purchased with funds other than from the estate, and that appellant had adequate notice and opportunity to be heard on both the requirement of posting bond and adjudication. The Bankruptcy Judge's order from which this appeal is taken is affirmed.

It is so ordered.